EL PUEBLO, DEMANDANTE Y APELADO, *v.* MARTÍNEZ, ACUSADO Y APELANTE.

APELACIÓN procedente de la Corte de Distrito de San Juan, Sección 2ª. en causa sobre lotería de *pools.* ·

No. 815.—Resuelto en noviembre 10, 1915.

CONFESIÓN DEL ACUSADO—PREVENCIÓN AL ACUSADO RESPECTO A LA MISMA—ADMISIBILIDAD EN EVIDENCIA.—A falta de precepto estatutorio, cualquier confesión voluntaria del acusado es admisible en evidencia, aun cuando no fuera prevenido de que iba a ser utilizada en su contra.

LOTERÍA DE POOLS—DENUNCIA SUFICIENTE.—En la denuncia en este caso se alega que el acusado organizó un plan para la distribución de dinero por suerte entre varias personas, las que se comprometían a pagar 10 centavos por cada acción y de acuerdo con la cual la suma de $700 se había de pagar al que ganara después de haber descontado el acusado el 30 por ciento, todo lo cual dependía de ciertas carreras de ·caballos que se verificaban en el hipódromo de San Juan. *Se resolvió:* Que ella imputa un delito de acuerdo con los artículos 291 y 292 del Código Penal, y que era suficiente a falta de objeción.

ID.—ELEMENTOS ESENCIALES DEL DELITO—GANANCIA O BENEFICIO.—Los artículos 291 y 292 del Código Penal no exigen como elemento esencial del delito el recibir una ganancia o beneficio, pues lo que se prohibe es el conducir la lotería, ya recibiendo el acusado un beneficio o no.

ID.—CORPUS DELICTI.—Existiendo en este caso prueba suficiente que demuestra el plan de la lotería, así como el haber ganado la suma principal uno de los testigos, la investigación de las listas practicada por el jefe de la policía, el conocimiento de éste, y la confesión del acusado, *se decidió* que se había probado el *corpus delicti.*

Los hechos están expresados en la opinión.

Abogado del apelante: *Sr. Antonio Trujillo Güil.*

Abogado del apelado: *Sr. Salvador Mestre, Fiscal.*

EL JUEZ ASOCIADO SR. WOLF emitió la opinión del tribunal.

El único error que ha sido alegado ante este tribunal en este caso que fué asimismo promovido en la corte inferior se refiere a la admisión de cierta prueba impugnada por el acusado y contra la cual se tomó excepción. En la denuncia se alega una infracción de los artículos 291 y 292 del Código Penal referente a loterías. Luis Echevarría, Jefe de Distrito, Policía Insular, declaró en efecto que tenía conocimiento de que el acusado tenía un juego de *pool*. El *pool*, según otras declaraciones tendían a mostrar, era equivalente a una lotería. Repreguntado por la defensa y a preguntas de la corte el testigo dijo que conocía los hechos por conocimiento propio y por confesión del acusado quien admitió que tomaba el 30 por ciento de dicho *pool*. La defensa se opuso fundándose en que el testigo había obtenido el conocimiento de los hechos en la investigación que estaba haciendo de Mario Meléndez uno de los policías a su mando. El testigo manifestó, sin embargo, que conocía los hechos de propio conocimiento y por la confesión del acusado. Dicho acusado no hizo constar en el momento de la objeción que dicho conocimiento era de referencia. El testigo examinó ciertas listas y obtuvo la confesión del acusado.

Y no importa como alega el apelante que no fuera prevenido de que cualquier cosa que dijera se usaría en su contra, y a falta de precepto estatutorio que haga necesario dicho aviso cualquier confesión voluntaria del acusado es admisible en su contra. 12 Cyc., 463. Sin embargo, la objeción específica parece haber sido que la declaración era meramente de referencia, no apareciendo de los autos que sea éste el estado de los hechos.

Alega también el apelante si bien dicho error no fué alegado en la corte municipal o en la corte de distrito, que la denuncia no era suficiente. En ella se alega que el acusado organizó un plan para distribución de dinero por suerte, en el cual varias personas se comprometían a pagar diez cen-

tavos cada una y de acuerdo con el cual la suma de setecientos dólares se había de pagar al que ganara, después de haber descontado el acusado el 30 por ciento, todo lo cual dependía de ciertas carreras en San Juan. La denuncia parece ser muy específica y en ella se imputa un delito de acuerdo con los artículos 291 y 292 del Código Penal. Fué ciertamente suficiente a falta de objeción.

También sostiene el apelante que debe alegarse que el acusado recibía un barato. Nos parece que este barato se alegó en la denuncia. Además no vemos nada en los artículos 291 y 292 por los que sea elemento esencial del delito el recibir una ganancia o beneficio. Lo que se prohibe es el conducir la lotería ya recibiendo el acusado un beneficio o sin recibirlo.

Tanto en su alegato como durante la vista sostuvo el apelante que no se había probado el *corpus delicti*. Hay prueba suficiente que demuestra el plan de la lotería, así como el haber ganado la suma principal Mario Meléndez, la investigación de las listas por Echevarría, el conocimiento de éste y la confesión del acusado.

Debe confirmarse la sentencia.

*Confirmada la sentencia apelada.*

Jueces concurrentes: Sres. Presidente Hernández y Asociados del Toro y Aldrey.

El Juez Asociado Sr. Hutchison no intervino.