El Pueblo de Puerto Rico, demandante y apelado, *v.* Domingo Colón y Antonio Alicea, acusados y apelantes.

No. 3837.—*Sometido:* Junio 27, 1929. *Resuelto:* Julio 16, 1929.

*G. S. Pierluisi, R. Atiles Moreu* y *Francisco Capó,* abogados de los apelantes; *R. A. Gómez,* abogado de *El Pueblo,* apelado.

El Juez Asociado Señor Texidor emitió la opinión del tribunal.

Los apelantes en este caso, Domingo Colón y Antonio Alicea, fueron enjuiciados bajo una acusación de escalamiento en primer grado. Comparecieron ante un Jurado, que trajo un veredicto declarándoles culpables del expresado

delito; y la Corte de Distrito de Ponce les impuso, a cada uno, la pena de un año de presidio con trabajos forzados.

Los hechos del caso son, esencialmente, los que siguen:

En el kilómetro 22 de la carretera de Yauco a Lares tenía Pedro Olivari Mattei una tienda mixta de provisiones y mercancía seca, la que atendían dos dependientes. En la noche del 4 de junio de 1928, se retiró Olivari Mattei a su casa, y a las 10 de esa noche los dependientes cerraron las puertas de la tienda, y fueron a acostarse a una habitación en la parte atrás de la misma tienda. Más tarde se despertó el dependiente Rivera, porque sintió en la cara la luz de la luna; llamó a su compañero, y vieron que de las puertas de la tienda había dos abiertas, encontraron que la cerradura de una de ellas estaba destornillada, y en la otra quitada la tranca; avisaron al dueño; y los tres notaron que faltaban artículos por valor de más de doscientos dólares. Se notificó a la policía; ésta arrestó a los acusados en este caso y a Rafael Negroni. De los acusados, Domingo Colón, espontáneamente, y previas las advertencias de ley, declaró ante el Juez Municipal de Yauco y el Jefe de Policía, que a eso de las doce de la noche del 4 de junio de 1928, el declarante, con Antonio Alicea y Rafael Negroni, llevando un truck Chevrolet estuvieron en la tienda de Olivari, cuya puerta abrieron con un destornillador Alicea y Negroni; que entraron, se apoderaron de unos bultos con mercancías, los llevaron al truck y los condujeron a casa de Negroni. El acusado Alicea prestó dos declaraciones, en las mismas condiciones que Colón, y en la segunda dijo que en la noche ya mencionada estuvo con Negroni y Colón en la tienda de Olivari; que sacaron las mercancías y se las llevaron; y que los que fueron allí fueron Colón y Negroni; y luego le llamaron, y entonces encontró la puerta abierta.

Se trajo al juicio prueba de la existencia de la mercancía, y de que los dependientes, al irse a acostar, habían cerrado las puertas, y de que dos de éstas aparecieron abiertas, la una sin tranca y la otra con la cerradura destor-

nillada; de que la mercancía estaba en la tienda y desapareció.

La defensa presentó una moción de *non-suit* sosteniendo que no había prueba del *corpus delicti*, y de la conexión de los acusados con el hecho. La moción fué denegada y la defensa renunció a presentar prueba. El Juez instruyó al Jurado; y éste trajo el veredicto que ya se ha citado; y sobre él se dictó la sentencia.

Es sobradamente conocida la definición que del *corpus delicti* establece la jurisprudencia constante y uniformemente; los casos citados por el Fiscal de este Tribunal (*Goldman* v. *Commonwealth*, 42 S. E. 923; *State* v. *Hand*, 41 Atl. 192; *People* v. *Jones*, 123 Cal. 65; *McBride* v. *People*, 37 Pac. 953; *State* v. *Millmeier*, 72 N. W. 275 y otros) han sido acertadamente seleccionados; y entre los nuestros el de *El Pueblo* v. *Matos*, 26 D.P.R. 586, es perfectamente claro.

Probada la existencia de la tienda, su cierre por la noche; la aparición de las puertas, abierta la una con cerradura destornillada, y la otra sin tranca, sin que apareciera que habían sido abiertas legítimamente o por el dueño o sus dependientes; la preexistencia de las mercancías, y su sustracción, hay ya aquí la prueba del *corpus delicti*.

En cuanto a la conexión de los acusados con el hecho, es de aplicación la doctrina de los casos *El Pueblo* v. *Rodríguez*, 28 D.P.R. 501, en que se sostiene que la voluntaria confesión del acusado es prueba suficiente para sostener una sentencia condenatoria; y *El Pueblo* v. *Kent*, 10 D.P.R. 345, y los demás que en su alegato cita el Fiscal.

Los errores señalados por la defensa en esta apelación no fueron tales. Las instrucciones al jurado se dieron con toda corrección y ecuanimidad; el *corpus delicti* se probó, y lo mismo la conexión de los acusados con el hecho; el veredicto y la sentencia se ajustan a la prueba; y la moción de *non-suit* fué bien denegada.

*La sentencia dictada en este caso debe ser confirmada.*