EL PUEBLO DE PUERTO RICO, demandante y apelado, *v.* CELEDONIO TORRES, acusado y apelante.

No. 3769.—*Sometido:* Noviembre 12, 1929. *Resuelto:* Diciembre 10, 1929.

*Luis T. Camacho,* abogado del apelante; *R. A. Gómez,* abogado de *El Pueblo,* apelado.

EL JUEZ ASOCIADO SEÑOR TEXIDOR, emitió la opinión del tribunal.

Esta es una apelación contra sentencia de la Corte de Distrito de Guayama, en la que se impuso al acusado y apelante una pena de multa de veinte y cinco dólares o un día de cárcel por cada dólar que dejara de satisfacer, y las costas. El delito de que se le declaró culpable fué la infracción del artículo 291 del Código Penal.

La denuncia original es como sigue:

"Yo, Fernando Quiñones, Jefe Dtto. P. I., vecino de Guayama, calle de Hostos, mayor de edad, formulo denuncia contra Celedonio Torres, por delito de infracción al art. 291 del Código Penal de P. R. cometido de la manera siguiente: Que en 23 de agosto de 1928, y en la calle 'Jobos', de Guayama, del Distrito Judicial Municipal de Guayama, P. R., que forma parte del Distrito Judicial del mismo nombre, el referido Celedonio Torres, allí y entonces, de una manera ilegal, voluntaria y maliciosamente, tenía establecido y puso en ejecución un juego de lotería para la distribución de dinero representado por fichas ya con anterioridad valoradas y que representan dinero en efectivo a su presentación y la cual distribución se hacía a

la suerte entre aquellas personas que pagaban por correr la tal aventura de adquirir dichas fichas y lo que ellas representan valiéndose para tales fines ilegales de una máquina automática (*slot machine*) registrada con el número 59184, la cual tenía el acusado establecida en su establecimiento de fonda en la calle Jobos, de Guayama, P. R., y la cual usaba y usó en la forma siguiente: las personas depositaban, entre ellas el denunciante, una moneda de cinco centavos con el fin de jugar a la suerte y obtener el correspondiente premio representativo de metálico efectivo, dejando la resolución de tal jugada al mecanismo de la tal máquina y teniendo como resultado de dicha jugada, bien si era acertada, un número de fichas representativas de dinero, o el solo esfuerzo de la jugada en el caso de su no acertación, a lo que constituye en sí, un plan ilegal puesto en ejecución por el aquí acusado, con el solo fin de obtener para su único y personal beneficio, los dineros depositados por los distintos jugadores en la antes dicha máquina, la que a la vez devuelve premios mayores en valor al depósito del jugador cuando éste es afortunado en acertar en la corrida de su aventura, mas dependiendo ambos casos, su beneficio y distribución, de la suerte. Hecho contrario a la ley.''

El apelante somete cinco señalamientos de error. El primero es así:

''Primer error.—La Corte de Distrito de Guayama erró al declarar sin lugar la moción de eliminación opuesta a la denuncia.''

Se trata de las palabras ''Lo que constituye en sí un plan ilegal puesto en ejecución por el aquí acusado con el solo fin de obtener para su único y personal beneficio los dineros depositados por los distintos jugadores en la antes dicha máquina, la que a la vez devuelve premios mayores en valor al depósito del jugador cuando éste es afortunado en acertar en la corrida de su aventura, mas dependiendo en ambos casos, su beneficio y distribución, de la suerte.''

El acusado insistió en la eliminación de este párrafo, por creer que contiene conclusiones legales.

No tiene importancia práctica, ni legal, esta cuestión que se nos somete. En la denuncia se sigue, substancialmente, el lenguaje del estatuto; algunas palabras de la misma, están de más; pero su inclusión no puede perjudicar al acu-

sado en sus derechos esenciales, ni desviar un recto juicio del tribunal.

■ El segundo señalamiento es:

"Segundo error.—Negar la Corte la excepción perentoria de que la denuncia no aduce hechos suficientes para constituir una violación del art. 291 del Código Penal."

El apelante funda su argumentación en el caso *El Pueblo* v. *Mariani,* 15 D.P.R. 388. Cita también la decisión en *El Pueblo* v. *Martínez,* 23 D.P.R. 228; pero creemos que esta decisión, en esencia y en su forma, es más adversa que favorable a la contención del apelante. El párrafo copiado en el alegato del apelado, dice así:

"En la denuncia en este caso se alega que el acusado organizó un plan para la distribución de dinero por suerte entre varias personas, las que se comprometían a pagar 10 centavos por cada acción y de acuerdo con la cual la suma de $700 se había de pagar al que ganara después de haber descontado el acusado el 30 por ciento, todo lo cual dependía de ciertas carreras de caballos que se verificaban en el hipódromo de San Juan: *Se resolvió:* Que ella imputa un delito de acuerdo con los artículos 291 y 292 del Código Penal, y que era suficiente a falta de objeción."

Y en el caso *El Pueblo* v. *Swiggett,* 37 D.P.R. 911, hemos establecido terminantemente los elementos de estos delitos: suerte o azar, consideración y premio. De esa decisión son los siguientes párrafos:

"Lo que indujo a error a la corte sentenciadora fué su idea de que como no existía en el plan del acusado el elemento de pérdida, tampoco existía el delito. Aparte de que es muy aventurado afirmar si existe o no en estos casos el elemento de pérdida, ya que debemos suponer que cuando un comerciante además de los trajes que vende por el llamado justo valor, sortea otro, es porque puede hacerlo no ya sin pérdida, sino con ganancia, es lo cierto que lo que se requiere es, como dijimos al principio, la existencia de estos tres elementos: suerte, consideración y premio, para que el delito exista.

". . . Es una de tantas combinaciones que se han imaginado para

eludir preceptos penales iguales o similares al nuestro vigentes **en** varios de los estados de la Unión.''

La denuncia es suficiente.

■ Los señalamientos de error tercero y cuarto, son así:

''Tercer error.—Erró la Corte de Distrito al permitir contra la oposición del acusado que se practicasen los experimentos para demostrar el supuesto juego de lotería después de la explicación del testigo.''

''Cuarto error.—Erró la Corte al permitir contra la oposición del acusado que el testigo Andrés Carire Soler consultara un memorándum para identificar la máquina automática, no obstante manifestar él podía identificarla viéndola.''

No existen tales errores. La corte pudo permitir, **sin** que en ello lesionara derechos esenciales del acusado, **que** un testigo actuara poniendo monedas en la máquina y moviendo la palanca, y tener así idea de la forma de funcionar el aparato. Y en cuanto a que un testigo pudiera consultar una nota con respecto al número de la máquina, permitirlo así fué no sólo discrecional en la corte, sino humano y lógico.

A la denegación de la moción de *nonsuit* se refiere el quinto señalamiento. Hemos leído la transcripción de la evidencia, y entendemos que la moción de que se trata fué bien denegada.

*Debe confirmarse la sentencia apelada.*