EL PUEBLO DE PUERTO RICO, demandante y apelado *v.* JOSÉ SALDAÑA MARTÍNEZ, acusado y apelante.

No. 3891.—*Sometido:* Agosto 8, 1929. *Resuelto:* Febrero 13, 1930.

*Felipe Colón Díaz,* abogado del apelante; *R. A. Gómez,* abogado de *El Pueblo,* apelado.

EL JUEZ ASOCIADO SEÑOR WOLF, emitió la opinión del tribunal.

José Saldaña Martínez fué convicto del delito de adulterio. El primer señalamiento de error lee como sigue:

"Erró la Corte de Distrito de Ponce al admitir la declaración

de Ramón Guanil, Jefe de Distrito de la Policía Insular, por ser de referencia y de acuerdo con lo que estatuye el artículo 7 de nuestro Código de Enjuiciamiento Criminal.''

El artículo 7 dice así:

''A nadie podrá obligarse a declarar en contra suya, en un proceso criminal; ni a ningún acusado de delito público podrá sometérsele, antes de ser sentenciado, a mayor restricción que la necesaria para que conteste a la acusación.''

El jefe de la policía insular llevó al acusado a la corte municipal, donde este último admitió haber tenido comercio carnal con Cándida Roche. La teoría de la defensa, en parte, es que, antes de que su declaración pudiese ser oída, debió habérsele advertido de que todo lo que dijera podía ser utilizado en contra suya, especialmente por estar presente el juez municipal. La declaración del jefe de la policía fué al efecto de que José Saldaña declaró voluntariamente.

El derecho a que se haga esa advertencia ha sido objeto de discusión varias veces en Puerto Rico. En el caso de *El Pueblo* v. *Martínez,* 23 D.P.R. 228, resolvimos que nada hay en nuestro Código Penal que exija tal advertencia; y que a falta de la necesidad estatutoria de que se haga esa advertencia, cualquier confesión voluntaria de un acusado es admisible contra él. Y este caso fué además directamente aprobado en el de *El Pueblo* v. *Rodríguez,* 28 D.P.R. 501. La jurisprudencia general está resumida en 16 C.J. 723, párrafo 1482, en la siguiente forma:

''En ausencia de un estatuto que exija la advertencia o prevención, el que se haga una confesión voluntaria sin que el acusado haya sido advertido o prevenido de que puede ser utilizada en su contra, no afecta su admisibilidad. A excepción de algunas jurisdicciones, no es deber de un funcionario policíaco, a falta de un estatuto al efecto, prevenir a un acusado respecto a las consecuencias de prestar declaración, si lo hace voluntariamente, sino meramente abstenerse de inducir al acusado a que haga tal declaración. Empero, es indudable que el camino mejor y más seguro a seguir por un funcionario cuando un acusado va a declarar es advertirle que su declaración puede ser utilizada en contra suya.''

En 8 Cal. Jur. 114, párrafo 204, hallamos lo siguiente:

"Si bien la ley ordinariamente no exige que se instruya a un acusado afirmativamente respecto a su derecho de permanecer en silencio y al hecho de que cualesquiera manifestaciones que haga pueden ser utilizadas en contra suya, el que tal advertencia o prevención fuera o no hecha será tomado en cuenta al determinar si la confesión fué hecha voluntaria o involuntariamente. Siempre es preferible que se haya hecho expresamente esa advertencia, para evitar toda sospecha de que se haya ejercido presión sobre el acusado."

Durante la vista de esta causa, el jefe de la policía declaró positivamente que la confesión fué hecha voluntariamente en corte abierta.

Lo más que podría alegarse es que la presencia del juez pudo haber influído en el denunciado, pero nada hallamos en la jurisprudencia que haga que la presencia de una autoridad equivalga a una influencia indebida, o que prive a la confesión de su carácter voluntario. Algo a ese efecto podría inferirse del siguiente párrafo tomado de 16 C.J. 721:

"Una confesión es admisible en evidencia si se demuestra afirmativamente que ha sido hecha voluntariamente, ora ante un individuo particular o ante una autoridad; aunque en el último caso, la naturaleza voluntaria debe ser investigada estrictamente, y la prueba más leve de amenaza o inducción puede bastar para excluirla."

Podría tener algún peso el que el propio acusado ocupara la silla testifical y no solamente negara que había hecho esa confesión y que no conocía a Cándida Roche, la otra acusada, sino también que el jefe de la policía no estaba presente.

El segundo señalamiento de error alega que la corte carecía de jurisdicción, por no haberse demostrado que el delito se cometiera dentro de la jurisdicción del distrito de Ponce. Baste decir que la prueba contiene varias manifestaciones que hacen evidente que los hechos denunciados tuvieron lugar en Coamo.

El tercer señalamiento de error discute la sufi-

ciencia de la prueba. No hubo duda alguna de que el acusado estaba casado con una mujer distinta de Cándida Roche. Hubo ligera prueba, además de la declaración del funcionario policíaco, para demostrar que el acusado tuvo relaciones con Cándida Roche, pero la confesión sería suficiente por sí sola. A este respecto, el apelante dice que la declaración del jefe de la policía no fué corroborada y que debió ser reforzada con la declaración del juez municipal. El apelante luego dice que debió dársele el beneficio del principio de que la evidencia voluntariamente suprimida debe considerarse como favorable a la persona contra quien pudo haberse ofrecido, citando el párrafo quinto del artículo 102 de la Ley de Evidencia. Bajo estas circunstancias, la declaración del juez municipal hubiera sido meramente acumulativa, y, de todos modos, incumbía a la corte considerar el peso de la declaración del jefe de la policía. En otras palabras, la regla de evidencia aludida sólo es una presunción que siempre puede ser controvertida por el resto de la prueba.

Nuevamente podemos decir que el acusado ocupó la silla testifical, y puede ser que, a juzgar por la naturaleza de su declaración, y la de la del jefe, y considerando el conflicto, la corte fué relevada de toda duda al observar la forma en que se condujo el acusado.

*Debe confirmarse la sentencia apelada.*