EL PUEBLO DE PUERTO RICO, demandante y apelado, *v.* MIGUEL ANGEL MÉNDEZ ALVAREZ, acusado y apelante.

Núm. 7247.—*Sometido:* Enero 16, 1939. *Resuelto:* Enero 31, 1939.

P. *Santos Borges* y A. *Reyes Delgado,* abogados del apelante; R. A. *Gómez, Fiscal,* y *Luis Janer, Fiscal Auxiliar,* abogados de El Pueblo, apelado.

EL JUEZ PRESIDENTE SEÑOR DEL TORO emitió la opinión del tribunal.

Se acusó a Miguel Angel Méndez Alvarez de haber infringido el artículo 7 de la Ley núm. 14 de julio 8, 1936, al poseer un revólver sin haberlo declarado en la forma que prescribe dicha ley. Celebrado el juicio, la Corte de Distrito de Arecibo lo declaró culpable y le impuso seis meses de cárcel. No conforme, apeló para ante este tribunal, señalando en su alegato tres errores como cometidos por la corte sentenciadora al admitir cierta evidencia, al declarar sin lugar su moción de absolución perentoria y al dictar sentencia.

La evidencia aportada por El Pueblo consistió en las declaraciones del policía insular José Jusino y del agente de Rentas Internas Rafael Sáenz, en una declaración jurada del propio acusado y en el revólver que se ocupara.

■ Jusino dijo que en agosto 24, 1937, acompañando a agentes de rentas internas y mediante orden de allanamiento penetró en la casa de Celestino Méndez y además de bebidas ocuparon un revólver que no estaba inscrito en el Registro de Armas del Distrito. Reconoció el revólver que se le mostrara, como el ocupado. Describió detalladamente cómo tuvo lugar la ocupación y continuó así:

"P.—¿Le manifestó (el acusado) a usted algo en relación con este caso?

"Abogado Sr. Reyes Delgado. Hay una declaración por escrito.

"Hon. Juez. Si dijo algo lo puede decir. Conteste.

"Testigo. En el cuartel de la policía hizo manifestaciones el acusado.

"P.—¿Qué dijo?—Dijo que el revólver era de él y lo poseía algún tiempo y no lo había inscrito.

"Abogado Sr. Reyes Delgado. Me opongo. No son manifestaciones de él sino producto de confesiones a virtud de investigaciones.

"A preguntas del Hon. Juez, declaró:

"P.—¿Esas manifestaciones las hizo cuando ocuparon el revólver?—No estaba presente, pero cuando se llevó al cuartel con el arma y el papá y el resto del alcohol que se ocuparon, llegó el acusado también al cuartel.

"P.—¿Pero fué manifestaciones que hizo, admisiones que hizo, sin que se llamara a declarar por el Jefe de la Policía o el Fiscal? —No, señor; se presentó voluntariamente y habló con el Jefe y dijo que quería explicar que el revólver era de él y no lo había inscrito porque se creía menor de edad y le habían informado que no podía inscribirlo.

"Abogado Sr. Reyes Delgado. Que se elimine esta declaración porque no aparece de ella que se hicieran advertencias ningunas, ni que estaba sometido a proceso ni que las manifestaciones podrían ser utilizadas en su contra, y así aparece de una declaración jurada que tiene el fiscal.

"Hon. Juez. En la forma que ha declarado el policía se admite.

"Abogado Sr. Reyes Delgado. Excepción."

El agente Sáenz corrobora la declaración del policía en cuanto a la ocupación del arma. Mientras declaraba, el abogado del acusado admitió que el revólver no estaba inscrito, y la práctica de la evidencia continuó desarrollándose como sigue:

"Hon. Fiscal. Los demás testigos son prueba acumulativa. Ahora, ofrezco como prueba una declaración jurada del acusado.

"Abogado Sr. Reyes Delgado. Nos oponemos a que se admita en evidencia esta declaración jurada, porque no aparece de la misma, qué advertencias se le hicieran ni que se le dijera al acusado que lo que él manifestara en relación con este asunto podía ser utilizado en su contra.

"Hon. Juez. La Corte admite el documento, porque el declarante, Miguel Angel Méndez Alvarez, jura que se le hicieron las advertencias legales de ley, sin que hubiera promesa ni halago de ninguna clase y hay que presumir que él conocía esas advertencias legales cuando prestó el juramento.

"Documento Núm. 1. Fiscal.

"Abogado Sr. Reyes Delgado. Excepción.

" 'En Utuado, P. R., a los 25 días del mes de agosto de mil novecientos treinta y siete, ante esta Corte comparece Miguel A. Méndez Alvarez, que es el acusado, vecino de Utuado, P. R., y previo juramento conforme a la ley dice:

" 'Que, después de habérseme hecho todas las advertencias legales dentro de la ley sin que hubiera promesa ni halago de ninguna clase, manifiesto deseos de declarar y digo lo siguiente: Que es verdad

que el revólver Bulldog, calibre 38, con cachas negras ocupado en el día de ayer por la policía en mi casa, es de mi propiedad y que el mismo no está inscrito. Que el no haberlo inscrito, fué que muchas personas me manifestaron que si lo iba a inscribir como yo era menor de edad, me lo quitaban y por eso no lo hice.

"'Que es cuanto tengo que declarar.—(Fdo.) Miguel A. Méndez Alvarez.—Jurada y suscrita ante mí hoy 24 de agosto de 1937. —(Fdo.) E. Marín Marín, Juez Municipal.'"

Presentó entonces el fiscal el revólver. La defensa se opuso alegando que no se había demostrado que el arma estuviera en poder del acusado o bajo su control. La corte lo admitió manifestando que no era necesario demostrar que el acusado tenía sobre su persona el arma, bastando la demostración de que era dueño de la misma.

Terminada la prueba de cargo, el acusado pidió que se le absolviera perentoriamente por ser dicha prueba insuficiente La corte declaró sin lugar su petición y dictó la sentencia que conocemos.

¿Erró la corte al permitir al policía Jusino que declarara sobre las manifestaciones hechas por el acusado, al admitir en evidencia la declaración jurada de éste y al permitir la presentación del revólver?

Sosteniendo la afirmativa, se expresa el apelante, en su alegato, como sigue:

"El Policía Insular José Jusino, declara extensamente sobre los hechos y el fiscal le pregunta si el acusado apelante le manifestó algo en relación con el caso. Nos opusimos diciendo: 'Hay una declaración por escrito', y el Juez ordena al testigo que conteste . . . . No es necesario citar jurisprudencia alguna para convencer a esta honorable Corte Suprema que existiendo una declaración escrita no debió permitirse al policía declarar sobre el contenido de dicha declaración . . . . *Pueblo* v. *Flores,* 17 D.P.R. 178."

Si se hubiera pedido al testigo que depusiera sobre el contenido de la declaración escrita, tendría razón el apelante, pero la declaración del testigo versó sobre manifestaciones hechas por Méndez Alvarez al llegar al cuartel tras su padre,

cuando aún no había sido acusado, ni arrestado, ni prestado declaración formal alguna. Y siendo ello así, su declaración era admisible. Lo que el caso invocado de *El Pueblo* v. *Flores,* 17 D.P.R. 178, 187, resolvió fué que no podía admitirse evidencia oral sobre la confesión de un acusado cuando ésta fué hecha y consta por escrito.

Recientemente, en el caso de *El Pueblo* v. *Saltari Crespo,* 53 D.P.R. 893, 902, dijo esta corte, por medio de su Juez Asociado Sr. de Jesús, lo que sigue:

"El acusado hizo confesiones en dos momentos distintos: Primero, oralmente al detective Juan R. Colón en el cuartel de la policía antes de llegar el Juez Municipal. Más tarde, al declarar también en el cuartel por escrito ante dicho funcionario judicial. Siendo así, la declaración escrita ante el Juez Municipal no excluye la confesión oral anteriormente hecha ante el detective, pues éste, al declarar, no está relatando lo que el acusado dijo por escrito, sino lo que anteriormente le había dicho en el cuartel."

■ Continúa el apelante argumentando en su alegato que tampoco era admisible la declaración jurada del acusado porque no aparecía de ella qué advertencias fueron las que se le hicieron, y dice, textualmente, a ese respecto:

"La jurisprudencia es unánime en cuanto a que si las manifestaciones o confesión son voluntarias al acusado debe advertírsele de su derecho a no declarar, y que si declara sus manifestaciones podrán ser usadas en su contra."

No estamos conformes. La jurisprudencia de esta propia corte sobre la materia es como sigue:

"A falta de precepto estatutario, cualquier confesión del acusado es admisible en evidencia, aun cuando no fuera prevenido de que iba a ser utilizada en su contra." *Pueblo* v. *Martínez,* 23 D.P.R. 228.

"A falta de un precepto estatutario, cualquier confesión voluntaria es admisible aun cuando no se advierta al acusado que su confesión será usada en contra de él." *Pueblo* v. *Rodríguez,* 28 D.P.R. 501.

"En cuanto a la conexión de los acusados con el hecho, es de aplicación la doctrina de los casos *El Pueblo* v. *Rodríguez,* 28

D.P.R. 501, en que se sostiene que la confesión voluntaria del acusado es prueba suficiente para sostener una sentencia condenatoria; y *El Pueblo* v. *Kent,* 10 D.P.R 345 . . . .'' *Pueblo* v. *Colón,* 39 D.P.R. 904, 906.

''El derecho a que se haga esa advertencia ha sido objeto de discusión varias veces en Puerto Rico. En el caso de *El Pueblo* v. *Martínez,* 23 D.P.R. 228, resolvimos que nada hay en nuestro Código Penal que exija tal advertencia, y que a falta de la necesidad estatutaria de que se haga esa advertencia, cualquier confesión voluntaria de un acusado es admisible contra él.'' *Pueblo* v. *Saldaña,* 40 D.P.R. 580, 581.

Y Corpus Juris exponiendo la substancia de la misma, expresa:

''En ausencia de un estatuto que exija la advertencia o prevención, el que se haga una confesión voluntaria sin que el acusado haya sido advertido o prevenido de que puede ser utilizada en su contra, no afecta su admisibilidad. A excepción de algunas jurisdicciones, no es deber de un funcionario policíaco, a falta de un estatuto al efecto, prevenir a un acusado respecto a las consecuencias de prestar declaración, si lo hace voluntariamente, sino meramente abstenerse de inducir al acusado a que haga tal declaración. Empero, es indudable que el camino mejor y más seguro a seguir por un funcionario cuando un acusado va a declarar es advertirle que su declaración puede ser utilizada en contra suya.'' 16 C. J. 723.

■ Tampoco se cometió error alguno al admitir en evidencia el revólver una vez que se identificó como el ocupado en la casa del padre del acusado. No era necesario que éste lo portara. Bastaba demostrar como quedó demostrado por su propia declaración que era su dueño.

■ No habiéndose cometido el primero de los errores señalados, es evidente que tampoco se cometieron el segundo y el tercero, porque siendo admisibles la declaración del policía, la del propio acusado y el arma, la evidencia es suficiente para sostener la sentencia y el juez actuó en debida forma al negarse a absolver perentoriamente al acusado y al

condenarlo finalmente por la infracción de la ley que se le imputa.

*Debe declararse sin lugar el recurso y confirmarse la sentencia apelada.*