EL PUEBLO DE PUERTO RICO, demandante y apelado, *v.* CARMEN MARÍA TORRES GONZÁLEZ, acusada y apelante.

*Números:* CR–62–170, CR–62–171     *Resuelto:* 19 de octubre de 1962.

*Arturo Lugo Bougal* y *Julio Fernández Cabrera,* abogados de la apelante; *J. B. Fernández Badillo, Procurador General,* y *Peter Ortiz, Procurador General Auxiliar,* abogados de El Pueblo.

Sala integrada por el Juez Asociado Señor Pérez Pimentel como Presidente de Sala y los Jueces Asociados Señores Rigau y Dávila.

El Juez Asociado Señor Dávila emitió la opinión del Tribunal.

Contra la apelante se radicaron dos acusaciones por infringir la sección 4 de la Ley de la Bolita, la Núm. 220 de 1948—33 L.P.R.A. sec. 1250—. Se le imputa que en dos ocasiones distintas vendió un número del juego ilegal a Ramón Pabón Chévere para jugarse en combinación con la lotería de Santo Domingo. La primera ocasión fue el 22 de junio de 1960 como a las once de la mañana en la Calle Santa Rosa de Guánica. La segunda, el 30 de junio en la Calle Yager del mismo municipio.

El Pueblo presentó como único testigo al referido Ramón Pabón Chévere, quien era un agente encubierto de la detective. Este mismo agente declaró en otro caso por el mismo delito contra Antonia Santiago, Criminal Núm. 60-838, que los hechos imputados a esta última ocurrieron a las once de la mañana del referido día 22 de junio. La apelante en el presente caso apunta esta circunstancia y sostiene que el tribunal de instancia erró al darle crédito a la declaración de este testigo cuando es obvio que una persona no puede estar en dos sitios distintos a la misma vez. El juez de instancia se enfrentó a esta situación y pidió al testigo que le explicara. Fue sencilla la explicación.

Los hechos ocurrieron en la misma Calle Santa Rosa del pueblo de Guánica. El caso de la apelante como a las once; el de la otra acusada como quince minutos más tarde. A continuación transcribimos el incidente:

"HON. JUEZ:

¿Esta mañana usted declaró en el caso de Antonia Santiago?
    Sí, señor.

¿Es o no cierto que usted declaró esta mañana en aquel caso que a las once de la mañana el 22 de junio usted estaba haciendo una transacción con la señora Antonia Santiago?
    Sí, señor.

¿Y a la misma hora estaba haciendo también una transacción con esta señora?
    Si mal no recuerdo eran las once y cuarto.

HON. JUEZ:

De acuerdo con las notas del Tribunal fueron las once.

DEFENSA:

Y nosotros también.

HON. JUEZ:

En cuanto al de junio 22 yo tengo las once. Ahora fue otra transacción y declara que las dos a la misma hora, ¿o cómo fue la cosa?
    No, señor, primero fue con la joven Carmen María Torres.

HON. JUEZ:

¿En el mismo negocio de la otra?
    No, señor, al frente; después de eso yo dí la vuelta.

DEFENSA:

Nada más.

HON. JUEZ:

Puede retirarse.

FISCAL:

Una pregunta adicional. ¿La transacción con Antonia Santiago fue en la Calle Santa Rosa?
    Sí, señor.

¿Y la transacción con esta acusada fue en la calle . . . ?
¿En la misma calle?
    Sí, señor."

La apelante apunta además que habiendo un testigo que presenció la transacción, el fiscal no lo presentó y se limitó a usar solamente el testimonio del agente encubierto. El

testigo que se alega presenció la transacción nunca fue citado ni aparecía en la acusación como testigo de El Pueblo. Invoca el caso de *Asamblea Municipal* v. *Steidel*, 54 D.P.R. 832 (1939), donde expresamos a la pág. 842 que "[d]el hecho de no haberse presentado el testimonio de una sola de las veinticinco personas que según la señora Solís presenciaron el incidente o del policía que intervino en el mismo surge la presunción legal de que esa evidencia voluntariamente suprimida por la parte querellante le hubiese resultado adversa si la hubiese ofrecido. Artículo 102, inciso 5, Ley de Evidencia". Ya hemos resuelto que el solo testimonio del agente encubierto es suficiente, *Pueblo* v. *Seda*, 82 D.P.R. 719 (1961); *Pueblo* v. *Pérez Méndez*, 83 D.P.R. 228 (1961), y en *Viera* v. *Arizmendi*, 74 D.P.R. 38 (1952) resolvimos que el hecho de que una persona no declarara como testigo de una parte no levanta inferencia o presunción alguna contra ésta si nunca estuvo en corte como testigo ni fue ofrecida formalmente como tal. Examínense además: *People* v. *Williams*, 344 P.2d 45 (Calif. 1959); *People* v. *Herrera*, 340 P.2d 690 (Calif. 1959); Nota, *Evidence: Inferences From the Failure to Produce Evidence*, 30 Calif. L. Rev. 79 (1941). Ahora, aparte de lo expuesto, la realidad es que la presunción que establece la Ley de Evidencia es una controvertible. Es al juez de instancia a quien debe planteársele la cuestión de que se ha suprimido el testimonio de un testigo y la presunción que ello conlleva. Entonces la otra parte tendría la oportunidad de controvertir la presunción explicando la razón por la cual no presentó al testigo. "La presunción que se levanta de la supresión voluntaria de evidencia es controvertible mediante otra evidencia". *Pueblo* v. *Ramírez*, 50 D.P.R. 234, 259 (1936) y *Pueblo* v. *Saldaña*, 40 D.P.R. 580 (1930). Luego el juez al aquilatar la prueba presentada tomará en consideración todas las circunstancias presentes al dictar sentencia. Al juez de instancia no se le planteó esta cuestión. Es en apelación que por primera vez se apunta.

Estamos satisfechos de que la evidencia que tuvo ante sí el juez de instancia era suficiente en derecho para sostener las acusaciones radicadas contra la aquí apelante.

*Se confirmarán las sentencias apeladas.*