EL PUEBLO, DEMANDANTE Y APELADO, v. VALLE, ACUSADO Y APELANTE.

APELACIÓN procedente de la Corte de Distrito de Aguadilla en causa por escalamiento en primer grado.

No. 1636.—Resuelto en junio 2, 1921.

EVIDENCIA—PRUEBA DE REFERENCIA.—La declaración de un policía sobre conclusiones a que llegara como resultado de una investigación practicada por él mismo, es inadmisible como prueba. El policía debe declarar sobre los hechos que le consten y es al jurado al que corresponde llegar a conclusiones.

ID.—DERECHOS DEL ACUSADO—ADMISIONES DEL ACUSADO.—Para que la admisión de culpabilidad hecha por un acusado pueda ser usada en su contra, debe haberlo sido voluntariamente.

Los hechos están expresados en la opinión.

Abogado del apelante: *Sr. J. Valldejuli Rodríguez.*

Abogado del apelado: *Sr. José E. Figueras, Fiscal.*

EL JUEZ ASOCIADO SR. DEL TORO, emitió la opinión del tribunal.

Manuel Valle fué acusado como autor de un delito de escalamiento en primer grado consistente en haber penetrado, allá por el 26 de noviembre, 1919, de anoche, en la casa comercial de Yumet & Cía., situada en Aguadilla, P. R., con el propósito de cometer hurto. Fué juzgado por un jurado y declarado culpable. La corte lo condenó a sufrir un año de presidio y no conforme apeló para ante este tribunal.

Sostiene el apelante en su alegato que la corte cometió varios errores, siendo el primero de ellos el "haber permitido que declarara el testigo de referencia Eugenio Ducós."

Según los autos la declaración del testigo Ducós fué.como sigue:

"A preguntas del fiscal este testigo dice: Que se llama como queda dicho; es policía insular en Aguadilla; conoce al acusado;

tuvo que intervenir acerca de unos cigarrillos y unas latas de carne que había vendido; que eso lo sabe por información, que él tuvo conocimiento de haberse cometido un hecho y fué a investigarlo.

"El abogado defensor solicita que se elimine esta declaración por ser un testigo que sabe los hechos por investigación o información de los mismos, y no es por tanto un testigo hábil para declarar sobre hechos, pues solamente testigos de conocimiento pueden declarar.

"Juez: La materialidad o inmaterialidad de los hechos se puede saber solamente después de declarar, y desestima la petición de la defensa.

"El abogado defensor tomó excepción.

"Sigue declarando el testigo a preguntas del fiscal: que tuvo información de haberse cometido un robo. ¿Le preguntó al acusado?—Sí señor, y él me manifestó que le había vendido unos cigarrillos a un tal Cancio; tuve conocimiento de que hubo un hurto.

"¿Tuvo sospechas con quién?—Con este individuo. Lo cogimos Milán y yo y él mismo nos manifestó que había vendido unos cigarrillos.

"Abogado: Me opongo.

"Juez: Tiene que indicar la manera que ha sido hecha esa manifestación, si ha sido libre y expontáneamente.

"Fiscal: ¿Coercionaron a este individuo, lo amenazaron con pegarle para que él declarara?—No señor, él mismo de su espontánea voluntad; delante de unos cuantos y del Sr. Yumet, no recuerdo bien; averiguamos que había vendido unos cigarrillos y unas latas.

"Abogado: Me opongo.

"Juez: Admitida.

"La defensa tomó excepción.

"Tuve información de que había vendido unos cigarrillos "Casino" y unas latas de carne, lo llamamos a él.

"Abogado defensor: Me opongo, dice que tuvo noticias que se había hurtado eso, eso es evidencia de referencia y pido que se borre del record.

"Juez: Es resultado de la investigación.

"Abogado defensor: tomo excepción.

"Sigue preguntando el fiscal: ¿Qué hizo después de eso?—Arrestamos al individuo éste. Me manifestó que varias veces había entrado por la parte de atrás y había cogido en la casa de Yumet cajas de cigarrillos; hacía ya varios meses.

"Pregunta el juez: ¿El está preso?—Ese día no estaba preso. Esa noche estaba en la plaza del Tamarindo.

"¿Vd. lo llamó?—Sí, señor; declaró de su propia voluntad; únicamente le dije que tenía conocimiento de que había vendido unos cigarrillos al señor Cancio y entonces él manifestó que era verdad.

"¿Le advirtió de que todo lo que decía podía ser utilizado en su contra?—Sí, señor.

"Abogado defensor: Solicito de la corte que se borre del record y se tenga como no. prestada este último extremo de la declaración del testigo Eugenio Ducós, por entender que no ha sido el resultado de una investigación judicial. Segundo: por entender que un policía no es un funcionario autorizado para hacer investigaciones a menos que no se le ordene por una corte o funcionario competente. Tercero: Por entender que el testigo al preguntarle al acusado no lo ha hecho de acuerdo con la ley, perjudicando en este sentido al acusado en su propia libertad.

"Juez: Sin lugar.

"Abogado: Tomo excepción.

"A preguntas de la defensa el testigo contesta: Que no vió cuando el acusado penetró en el establecimiento de Yumet, no recuerda la fecha."

En el fondo, tiene razón, a nuestro juicio, la defensa, y el error cometido fué de tal modo perjudicial al acusado por la influencia decisiva que pudo tener en el jurado, que se impone la revocación de la sentencia apelada.

Convenimos en que un policía a quien se le ha avisado de la comisión de un delito pueda y deba practicar gestiones inmediatas para averiguar quién es el autor del mismo, y convenimos en que si a virtud de los indicios que descubra se pone en contacto con alguna persona que él piensa que es el autor y esa persona le hace manifestaciones voluntarias en relación con su participación en el hecho, en el juicio que se siga contra tal persona, tales admisiones voluntarias son prueba permisible, pero con lo que no podemos convenir es con que se permita declarar a ese policía desde el principio como en este caso, no obstante la reiterada oposición del acusado: "tuve que intervenir acerca de unos cigarrillos y

unas latas de carne *que había vendido* (el acusado), que *eso lo sabe por información;"* que *tuvo sospechas* con ese individuo (el acusado);" *"averiguamos que había vendido* unos cigarrillos y unas latas;" *"tuve información de que había vendido* unos cigarrillos 'Casino' y unas latas de carne," y que el juez admita todas esas manifestaciones y sostenga que puede hacerlas el testigo porque son el resultado de una investigación por él practicada.

El jurado no debe formar su juicio por las conclusiones del policía a las cuales llegara a consecuencia de la investigación. No es el policía el que puede declarar culpable al acusado, sino el jurado. ¿Cómo? A virtud de las pruebas que se practiquen de acuerdo con la ley.

Claro está que sería ir contra la naturaleza de las cosas el sostener que el policía no actuara mediante conclusiones que fuera formulando para sí, pero no son esas conclusiones las que él tiene que revelar al jurado, sino los hechos de los cuales puedan haberse derivado a fin de que el jurado forme independientemente, por sí sólo, su propio juicio.

Además, es tan informal la manera como se introdujo y fué admitida una prueba tan importante y decisiva como la admisión de su propia culpabilidad por parte del acusado contenida en la declaración del policía, que no podemos pasar por alto ese hecho.

Los fiscales de distrito son letrados que deben conocer la Ley Criminal especialmente con pleno dominio sobre ella, y deben ser los primeros en respetar los derechos de los acusados. Cuando esta actitud se sigue constante y firmemente por su parte, un gran prestigio moral y una autoridad que influye por sí misma, son la consecuencia de ello. No se debe preguntar como se preguntó aquí a un policía. "¿Tuvo sospechas con quién?" Ni se debe introducir una admisión sin demostrar antes que era en verdad voluntaria.

Por virtud de todo lo expuesto, se revoca la sentencia

recurrida y se devuelve el caso a la corte de distrito de su origen para la celebración de un nuevo juicio.

Habiendo llegado a la conclusión que antecede se hace innecesario examinar los otros errores señalados, debiendo hacerse constar que habiéndolos estudiado, estamos convencidos de que ninguno de ellos nos llevaría a la absolución del acusado.

> *Revocada la sentencia y ordenada la celebración de un nuevo juicio.*

Jueces concurrentes: Sres. Presidente Hernández y Asociados Wolf, Aldrey y Hutchison.