## Sosa, Demandante y Apelante, *v.* Cardona et al., Demandados y Apelados.

Apelación procedente de la Corte de Distrito de Aguadilla en pleito para recobrar la posesión de bienes muebles.

No. 2402.—Resuelto en marzo 24, 1922.

Título de Bienes Muebles Comprados en Plaza Pública—Prescripción Adquisitiva de Bienes que Habían Sido Hurtados.—Alegándose en la demanda que el artículo que se reclama como perteneciente al demandante le fué ocupado en virtud de causa criminal seguida contra su vendedor por hurto de dicho artículo, para que, dando por probado el hurto, el demandante tenga derecho a recobrarlo es necesario, de acuerdo con el artículo 466 del Código Civil, en relación con el inciso 2°. del artículo 85 del Código de Comercio, que pruebe que lo compró en almacén o tienda abierto al público.

Id.—Alegaciones—Admisión de Evidencia sobre Hechos no Alegados.—Apareciendo de la prueba del demandante que el artículo que reclama fué ocupado como hurtado y aunque el demandado hiciera una negación general solamente de los hechos de la demanda, la prueba de éste respecto a la sustracción y a la identificación del artículo no puede considerarse como prueba afirmativa de hechos no alegados por el demandado.

Id.—Repreguntas—Credibilidad del Testigo—Parentesco del Testigo con la Parte que lo Presenta.—Con el propósito de afectar la credibilidad de un testigo, un demandado tiene derecho a interrogarlo en la repregunta sobre

su parentesco con el demandante y a introducir como prueba una declaración jurada en la que el testigo había hecho anteriormente manifestaciones distintas.

Los hechos están expresados en la opinión.

Abogado del apelante: *Sr. E. F. H. Dottin.*

Abogados de los apelados: *Sres. Reichard & Reichard.*

EL JUEZ ASOCIADO SR. ALDREY, emitió la opinión del tribunal.

La demanda presentada en este caso en la Corte Municipal de Aguadilla por Víctor Sosa contra José Cardona Piquet y contra Alberto Gutiérrez alega sustancialmente que el demandante es comerciante en tabaco; que es dueño de veintitrés rollos de tabaco hilado, valorados en $460, que forman parte de dos compras de ese artículo que hizo en Isabela el 15 de agosto y a mediados de noviembre de 1918 en plaza pública a Alberto Gutiérrez; que el 31 de diciembre de 1918 la policía, por orden de José Cardona Piquet, ocupó dichos veintitrés rollos de tabaco privando ilegalmente al demandante de su posesión y poniéndolos a disposición del demandado José Cardona Piquet quien a su vez los dejó en posesión del Fiscal del Distrito de Aguadilla para ser usados como prueba en causa criminal contra Alberto Gutiérrez por robo de cuarenta y cinco rollos de tabaco a José Cardona Piquet y que éste se niega a entregarle los veintitrés rollos de tabaco. Después de otras alegaciones que no necesitamos consignar pide a la corte declare que esos veintitrés rollos de tabaco pertenecen exclusivamente al demandante y ordene que le sean entregados con cierta cantidad de dinero por diferencia de precio, y que si no es posible la devolución porque el demandado haya dispuesto de él que le abone $460 y las costas.

El demandado Alberto Gutiérrez no compareció en este pleito que fué seguido en su rebeldía pero José Cardona Piquet hizo una negación general y específica de todos los hechos de la demanda.

La Corte de Distrito de Aguadilla conoció de este pleito en grado de apelación en un juicio *de novo* y dictó sentencia declarando sin lugar la demanda, contra cuyo fallo interpuso el demandante este recurso de apelación.

La corte inferior llegó en su opinión escrita para fundar su sentencia a las siguientes conclusiones de hecho: "Que el demandado, José Cardona Piquet, en diciembre de 1918 dió cuenta a la policía de Isabela de que le habían hurtado unos rollos de tabaco hilado en su establecimiento. Que como resultado de la investigación de la policía fueron encontrados veintitrés rollos del dicho tabaco hilado en el establecimiento del demandante, Víctor Sosa, en Río Piedras, de donde fueron trasladados y depositados en la fiscalía de esta corte a disposición del fiscal, como prueba en el caso que se sigue por El Pueblo de Puerto Rico contra Alberto Gutiérrez por el robo de dichos efectos. Que el demandante adquirió los dichos rollos de tabaco hilado de Alberto Gutiérrez, su cuñado, y no por compra en la plaza pública del pueblo de Isabela * * *." Sigue la corte diciendo que se trata de una acción reivindicatoria de propiedad mueble, que no se dirige contra el tenedor o poseedor del artículo que se trata de reivindicar, que en este caso es el fiscal, y luego agrega: "Pero pasando por alto esta cuestión y analizando la prueba encontramos que el tabaco no fué identificado por el demandante ni por ninguno de sus testigos y, además, la veracidad de Alberto Gutiérrez, cuñado del demandante, fué impugnada con una declaración jurada por ante el fiscal Rivera Zayas * * *."

Alega el apelante como primer motivo para que revoquemos la sentencia apelada que la corte inferior cometió manifiesto error al apreciar la prueba, y se funda en que después de haber declarado probado que "como resultado de la investigación de la policía fueron encontrados veintitrés rollos del dicho tabaco hilado en el establecimiento del demandante * * *" declara también la corte que "el tabaco

no fué identificado por el demandante ni por ninguno de los testigos" en lo que el apelante encuentra una gran contradicción.

No hay duda de que el tabaco que estaba en poder del fiscal al celebrarse el juicio en este pleito quedó identificado como el mismo que fué ocupado al demandante, pero la contradicción en que incurrió la corte inferior en este extremo no es demostración de que cometiera error manifiesto en la apreciación de la prueba pues el examen que hemos hecho de la que se presentó en el juicio nos convence de que las conclusiones del juez son acertadas.

El segundo motivo del recurso dice así:

"La corte inferior cometió manifiesto error en la interpretación y aplicación de la ley del caso y la jurisprudencia pertinente al mismo."

Si bien la corte inferior declaró sin lugar la demanda porque entendió que la acción no estaba dirigida contra el poseedor, que estimó ser el fiscal, y porque el demandante no acreditó el dominio del tabaco, pues la declaración de Alberto Gutiérrez, quien dice que se lo vendió, fué impugnada, sin embargo en este recurso se sostiene que el demandante tiene derecho a recobrar el tabaco que reclama de acuerdo con el artículo 466 del Código Civil, aunque haya sido sustraído a Cardona, porque lo compró en plaza pública. En la demanda se alegó, como hemos dicho, que fué ocupado en la causa criminal que se sigue a Alberto Gutiérrez por robo de tabaco hilado a José Cardona Piquet y también que el demandante lo compró en plaza pública.

El artículo citado dice así:

"Artículo 466.—La posesión de los bienes muebles adquiridos de buena fe equivale al título. Sin embargo, el que hubiese perdido una cosa mueble o hubiese sido privado de ella ilegalmente, podrá reivindicarla de quien la posea.

"Si el poseedor de la cosa mueble perdida o sustraída la hubiese

adquirido de buena fe en venta pública, no podrá el propietario obtener la restitución sin reembolsar el precio dado por ella.

"En cuanto a las cosas adquiridas en la bolsa, feria o mercado, o de un comerciante legalmente establecido y dedicado habitualmente al tráfico de objetos análogos, se estará a lo que dispone el Código de Comercio."

El artículo del Código de Comercio a que se refiere el anterior precepto es como sigue:

"Artículo 85.—La compra de mercaderías en almacenes o tiendas abiertos al público, causará prescripción de derecho a favor del comprador respecto de las mercaderías adquiridas, quedando a salvo en su caso los derechos del propietario de los objetos vendidos para ejercitar las acciones civiles o criminales que puedan corresponderle contra el que los vendiere indebidamente.

"Para los efectos de esta prescripción, se reputarán almacenes o tiendas abiertos al público:

"1°. Los que establezcan los comerciantes inscriptos.

"2°. Los que establezcan los comerciantes no inscriptos, siempre que los almacenes o tiendas permanezcan abiertos al público por espacio de ocho días consecutivos, o se hayan anunciado por medio de rótulos, muestras o títulos en el local mismo, o por avisos repartidos al público o insertos en los diarios de la localidad."

En vista de las disposiciones citadas y toda vez que Cardona declaró que le habían sido sustraídos treinta y cuatro rollos de tabaco hilado de su establecimiento, sobre cuyo extremo nada en contrario aparece en la prueba ni se dice en este recurso, y cuyo testimonio pudo ser creído por la corte sin necesidad de que fuera corroborado, y habiendo sido identificado el tabaco ocupado a Sosa como parte del sustraído a Cardona, para que el demandante, suponiendo cierto el robo, tuviera derecho a recobrar la posesión de los veintitrés rollos de tabaco hilado que reclama, tenía que haber probado que los adquirió de buena fe en venta pública o que los había adquirido en bolsa, feria o mercado o de un comerciante legalmente establecido y dedicado habitualmente al tráfico de objetos análogos. Su alegación es que los com-

pró en plaza pública a Alberto Gutiérrez que dice ser comerciante en tabaco, pero no probó que Gutiérrez tenga almacén o tienda abierta al público y por el contrario lo que resulta es que Gutiérrez recibía de noche en el paso a nivel del ferrocarril el tabaco que ha resultado ser sustraído a Cardona y que lo enviaba por ferrocarril a Río Piedras a su cuñado Sosa a quien dice se los vendía. Por consiguiente, no infringió la corte inferior dichos preceptos y los aplicó correctamente al negar la reclamación del demandante.

En el tercer motivo del recurso se alega que la corte cometió manifiesto error al permitir, a pesar de la oposición del demandante apelante, que el demandado apelado presentara prueba afirmativa para establecer hechos que no se alegaron en su contestación a la demanda.

Los testigos Rafael Rivera Zayas, Alfredo Colón Ceballos y José Cardona Piquet, que presentó el demandado y que habían declarado como testigos del demandante, se limitaron los dos primeros a repetir lo que habían declarado cuando fueron presentados por el demandante, aunque incidentalmente dijeron que el tabaco ocupado a Sosa fué reconocido como el mismo hurtado a Cardona; en cuanto a éste, su declaración versó sobre el hurto que se le había hecho y sobre identificación de los rollos ocupados a Sosa como parte de los que le habían robado.

Puesto que en la demanda se alegó que los rollos ocupados al demandante y comprados a Alberto Gutiérrez iban a ser usados como prueba en la causa criminal que contra el vendedor se seguía por robo de tabaco a José Cardona Piquet, no podemos declarar que el demandado presentó evidencia de hechos afirmativos que no había alegado en su contestación pues su objeto era contradecir la prueba del demandante demostrando que el artículo que reclama como de su propiedad había sido robado al demandado Cardona.

Además, esa prueba no podía perjudicar al demandante

porque estando acusado su vendedor de robo del artículo que le vendió no probó que lo había comprado en alguna de las formas que. no le hacían perder su propiedad.

El cuarto y último motivo del recurso dice así: La corte inferior cometió manifiesto error y obró con pasión y prejuicio al permitir, a pesar de la oposición del demandante, que el demandado apelado interrogara al testigo Alberto Gutiérrez, en las repreguntas sobre extremos que no habían sido objeto del examen directo; y que dicho testigo declarara sobre hechos, constitutivos de defensa afirmativa no alegados en la contestación sin que el demandado .apelado hiciera suyo el testigo; permitiendo asimismo que el citado demandado apelado presentara parte de su prueba fuera de lugar y tiempo y antes de que el demandante apelante terminara la presentación de la suya.

Declarando Alfredo Gutiérrez, testigo del demandante, a preguntas de éste contestó que en 15 de agosto de 1918 le vendió en su casa tabaco hilado a Víctor Sosa y también posteriormente en fecha que no recordaba. A repreguntas del demandado contestó que es cuñado del demandante; y habiendo contestado a otras repreguntas que los rollos de tabaco vendidos a Víctor Sosa los había adquirido de los corredores Isabel González, Maximino de Jesús, López Cordero y Gregorio Villanueva le repreguntó el demandado si bajo juramento no había hecho manifestaciones distintas a esas y habiendo contestado que no, le fué leída una declaración por él prestada ante el fiscal según la cual el 15 de diciembre de 1918 compró a Antonio Avilés o Meléndez veinticuatro rollos de tabaco hilado en cuatro partidas que su vendedor le entregó en cuatro noches distintas en el paso a nivel de la vía, que queda directamente detrás de la casa de José Cardona, tabaco que vendió a Víctor Sosa y a José Gutiérrez de Río Piedras, cuñado y hermano del declarante. Después de la lectura de esa declaración manifestó Gutiérrez

que era cierta esa declaración menos en que había comprado el tabaco detrás de la casa de José Cardona.

Esas repreguntas en cuanto al parentesco y lo que había declarado ante el fiscal fueron impugnadas por el demandante y ahora se alega que fué error el admitirlas.

La parte. demandada tenía derecho a interrogar al testigo en repreguntas sobre su parentesco con el demandante, y no lo hizo para que se prescindiera de su declaración sino para que sabiendo la corte dicho parentesco pudiera apreciar la credibilidad de dicho testigo. De acuerdo con el artículo 21 de la Ley de Evidencia la presunción de que el testigo dice la verdad puede ser rechazada, entre otros casos, por evidencia que afecte a su veracidad o móviles, y el parentesco puede, según las circunstancias, destruir la veracidad de un testigo.

En cuanto a la declaración que prestó ante el fiscal era admisible en evidencia porque tenía por objeto desacreditar al testigo, por ser evidencia contradictoria a su declaración en el juicio. Artículo 21 citado.

La declaración leída a Gutiérrez aparece prestada bajo juramento ante el fiscal y si bien es cierto que no consta el lugar y fecha en que se prestó, esto no es bastante para que no pueda ser tenida en consideración toda vez que Gutiérrez admitió que era cierta, menos en el extremo antes consignado.

No habiendo cometido la corte sentenciadora los errores que se alegan la sentencia apelada debe ser confirmada.

*Confirmada la sentencia apelada.*

Jueces concurrentes: Sres. Presidente del Toro, y Asociados Wolf y Hutchison.