El Pueblo de Puerto Rico, demandante y apelado, *v.* Manuel Villarrubia Santiago, ácusado y apelante.

Núm. 7376.—*Sometido:* Febrero 14, 1939. *Resuelto:* Febrero 21, 1939.

*Eugenio Sánchez Ruiz,* abogado del apelante; *R. A. Gómez, Fiscal,* y *Luis Janer, Fiscal Auxiliar,* abogados de El Pueblo, apelado.

El Juez Asociado Señor Travieso emitió la opinión del tribunal.

El acusado apelante fué convicto y sentenciado a la pena de seis meses de cárcel por una infracción del artículo 7 de la Ley núm. 14 de julio 8 de 1936 (Leyes de 1936 (2) pág. 129), consistente en tener en su poder, sin declararlo por escrito al Jefe de la Policía de Aguada, un revólver. Para sostener su recurso el apelante imputa al tribunal sentenciador la comisión de tres supuestos errores, los cuales discutiremos en el mismo orden en que han sido expuestos.

En el primer señalamiento se dice que fué error de la corte inferior el declarar sin lugar la moción atacando la constitucionalidad de la ley sobre registro de armas. Consiste la alegada inconstitucionalidad en que la citada ley con-

tiene más de un asunto, en violación del artículo 34 de la Ley Orgánica. La corte inferior procedió correctamente al desestimar la moción. La "Ley para reglamentar la venta de armas de fuego en Puerto Rico; ordenar la declaración de las mismas en cualquier forma que éstas fueren poseídas; prohibiendo la entrega de ellas a ciertas personas e imponiendo penas, y para otros fines," no infringe en manera alguna el citado precepto de la Carta Orgánica. Los asuntos comprendidos en la ley son asuntos germanos, son en realidad uno solo, pues el propósito fundamental de la ley es reglamentar la venta, la entrega y la posesión de armas de fuego, imponiendo penas a los infractores de sus disposiciones.

En el segundo señalamiento se imputa al tribunal inferior el alegado error de haber declarado sin lugar la moción de la defensa, hecha al finalizar la prueba del Pueblo, para que "en vista del estado de inconsciencia en que aparece encontrarse el acusado, se sirva ordenar que se ponga al mismo bajo observación porque parece que su estado mental no es el adecuado para estar expuesto a un proceso criminal." No encontramos nada en el récord del caso que pueda justificar una opinión distinta a la de la corte inferior. Ésta tuvo una oportunidad que nosotros no tenemos de ver al acusado, de observar su conducta durante el juicio y de oírle declarar en su propia defensa. La declaración del acusado que aparece en la transcripción de evidencia revela que el declarante estaba en ese momento en el pleno uso de sus facultades mentales. No se cometió el error señalado.

El tercer señalamiento se refiere a la apreciación de la prueba que el apelante considera insuficiente para sostener la acusación.

De la prueba resulta que el revólver le fué ocupado al acusado, en su casa, el día 5 de octubre de 1937, en ocasión en que dicho acusado se hizo un disparo con esa misma arma con intención de suicidarse y encontrándose en estado de embriaguez. El arma no estaba registrada según lo exige la

ley. Admitió el acusado ser dueño del arma con que intentara suicidarse; y para defenderse del delito que se le imputó alegó que el día 24 de junio de 1936, antes de comenzar a regir la ley sobre registro de armas, el acusado celebró una fiesta en su casa, y estando él allí en estado de embriaguez y con el revólver en sus manos, su hermano Moisés Villarrubia le quitó el revólver y se lo escondió en un hueco en el techo de la cocina, sin decirle donde lo había escondido; que no registró el revólver porque creyó que se había perdido; y que el 5 de octubre de 1937, el día en que él pensó suicidarse, el revólver se cayó del sitio en donde lo había escondido su hermano y entonces él lo cogió y dos horas más tarde se hizo un disparo. El juez sentenciador rehusó dar crédito a esta defensa por creerla inverosímil, socorrida e interesada. Hemos estudiado la transcripción de evidencia y no encontramos en ella razón alguna que nos obligue a diferir de la opinión de la corte inferior. *Debe confirmarse la sentencia recurrida.*