EL PUEBLO DE PUERTO RICO, demandante y apelado, *v.* MARTÍN SALAS CORTÉS, acusado y apelante.

Núm. 9252.—*Sometido:* Junio 22, 1942.  *Resuelto:* Julio 13, 1942.

*Herminio Miranda Negrón,* abogado del apelante; *Hon. Procurador General George A. Malcolm, R. A. Gómez, Fiscal del Tribunal Supremo* y *Luis Negrón Fernández, Fiscal Auxiliar,* abogados de El Pueblo, apelado.

EL JUEZ ASOCIADO SEÑOR DE JESÚS emitió la opinión del tribunal.

El apelante fué convicto y sentenciado a diez meses de cárcel por un delito de homicidio involuntario. Contra la negativa a concederle un nuevo juicio y contra la referida sentencia interpuso este recurso. Fundamentándolo, alega que el juez inferior actuó con parcialidad; que el veredicto es contrario a la ley y a la evidencia, y por último que erró la corte al desestimar la moción de nuevo juicio.

La alegada parcialidad por parte del juez inferior está basada en los siguientes incidentes:

1. El testigo de cargo Nicolás Ortiz al practicarse la investigación del caso había hecho ciertas manifestaciones que según se infiere del récord no armonizaban con lo que intentaba declarar en el acto del juicio, por lo que la corte le advirtió que si había declarado bajo juramento a qué distancia de la interfecta había quedado la guagua del acusado después de arrollarla, tenía que decir allí la verdad y declarar.

2. Declaró la testigo de descargo Nelia Ester Lugo que los testigos de descargo presenciaron el accidente y que ninguno de los de cargo estaba en el sitio del suceso. Al preguntarle el fiscal si a pesar de lo que ella decía no era cierto que ella no había declarado ante el juez municipal y oponerse la defensa a dicha pregunta, manifestó el juez que estando el fiscal en las repreguntas y constándole a dicho funcionario que la testigo no había declarado ante el fiscal, la pregunta en cuestión era permisible.

3. Mientras declaraba el testigo de descargo Bartolo García, el fiscal le preguntó si estaba declarando en el juicio porque el acusado lo había traído. El abogado defensor, Sr. Mercader, manifestó que no se iba a oponer a la pregunta y

entonces el juez, dirigiéndose al testigo, le dijo: "¿Quién le trajo a declarar? Conteste."

4. Y por último, en sus instrucciones al jurado el juez les explicó las precauciones que para evitar hacer daño deben tomar los conductores de vehículos de motor al encontrarse con viandantes en los caminos públicos.

El hecho de que el juez advirtiese al testigo de su deber de decir la verdad no demuestra que tuviera prejuicio alguno contra el acusado. De los autos se desprende que el testigo había declarado en la investigación preliminar en sentido contrario al en que entonces trataba de hacerlo y siendo incompatible una declaración con la otra era propio que el juez le recordase su deber de decir la verdad. Si alguna errónea impresión pudieron haber causado las palabras del juez, fué destruída cuando al protestar la defensa el juez aclaró que lo único que él había dicho era que el testigo tenía la obligación de decir la verdad. El error, de haber existido, no fué perjudicial al acusado, como lo demuestra la pregunta que el propio abogado defensor, Sr. Mercader, hiciera después al siguiente testigo de cargo, Juan Vélez Nadal, contestada en la afirmativa, a saber: "¿Entonces fué a parar la guagua un poco más allá de donde le dió el golpe y le pasó por encima?"

Tampoco demuestra parcialidad por parte del juez el hecho de que permitiese al fiscal preguntar a una testigo de descargo si no había declarado en la investigación preliminar. Ésa era una circunstancia que pudo haber tomado el jurado en consideración a los efectos de apreciar la credibilidad de la testigo, toda vez que de haber estado presente la testigo en el momento del suceso, y a falta de una explicación satisfactoria, lo más probable era que hubiera declarado en la investigación preliminar y no se reservase su declaración hasta la celebración del juicio. No quiere esto decir que esa mera circunstancia prive al jurado de darle crédito a la testigo, pero, como decimos antes, puede tomarla en conside-

ración con las demás circunstancias que puedan concurrir, para apreciar su credibilidad.

Tampoco erró la corte al permitir al fiscal preguntar al testigo de descargo Bartolo García si dicho testigo estaba declarando en el juicio porque el acusado lo había traído, especialmente cuando del récord aparece que al hacerse esa pregunta el abogado defensor manifestó que no iba a oponerse a ella.

Finalmente, actuó correctamente la corte al transmitir al jurado instrucciones sobre el deber del conductor de un vehículo de motor al encontrarse con viandantes en los caminos públicos. La instrucción dada al jurado era al efecto de que el conductor del vehículo tenía el deber de retirarse todo lo posible del viandante para no hacerle daño y que el hecho de que el conductor fuese por su derecha y el viandante no, no autorizaba a aquél para echarle encima a éste el vehículo y hacerle daño.

El segundo fundamento carece de méritos. La prueba fué contradictoria. La de cargo tendió a demostrar que el acusado marchaba a gran velocidad de Utuado con dirección a Arecibo; que la interfecta y su hermana caminaban en dirección opuesta por su derecha y que en el trayecto que separaba la guagua del sitio por donde caminaban las niñas había algunas personas que hicieron señal al acusado para tomar el vehículo; que el acusado frenó la guagua para tomar dichos pasajeros pero al así actuar, el vehículo se desvió hacia la izquierda, arrollando a la menor de las niñas, salvándose la otra por haberse lanzado a la cuneta. La de descargo tendió a demostrar que el acusado venía a una velocidad de dieciocho a veinte kilómetros por hora, por su derecha y tocando bocina; que las dos niñas caminaban en dirección opuesta también por su derecha, y que al acercarse el vehículo del acusado a ellas, la mayor empujó a su hermana hacia la izquierda, siendo arrollada por el vehículo a pesar de los esfuerzos que hiciera el acusado para evitar el accidente. Al dirimir el conflicto de la prueba el jurado dió

crédito a la de cargo, y no habiendo demostrado la defensa en manera alguna que fuese manifiestamente errónea tal apreciación, no debemos alterar la conclusión a que llegara el jurado.

La moción de nuevo juicio era claramente improcedente. En dicha moción el acusado no expone en qué consistieron las gestiones practicadas para conseguir antes del juicio la prueba que, según él, descubrió más tarde. Se limitó a expresar en la moción que se ejerció la mayor actividad para descubrir dicha prueba y que no fué posible obtenerla antes del juicio. Como dijéramos en el caso de *Pueblo* v. *Bernabé Ruiz Torres,* resuelto el 23 del mes pasado (ante, pág. 620), tratándose de una moción redactada en términos análogos, "estas meras conclusiones no están sostenidas por hechos de los cuales podamos determinar la suficiencia de las gestiones así como la imposibilidad de conseguir oportunamente esos testimonios."

Aparte de dicho defecto, que por sí solo basta para denegar la moción de nuevo juicio, al examinar la prueba que se dice nuevamente descubierta resulta que interpretándola en la forma más conveniente al acusado sería a lo sumo acumulativa, y siendo ello así, tampoco procedería por ese fundamento la concesión del nuevo juicio. Véanse el caso de *Pueblo* v. *Ruiz Torres,* supra, y la monografía en 46 L.R.A. (N. S.) 903.

*Por lo expuesto, procede deséstimar el recurso y confirmar la sentencia apelada.*

El Juez Asociado Sr. Travieso no intervino.