El Pueblo de Puerto Rico, demandante y apelado, *v.*
Valentín Montes Solero, acusado y apelante.

Núm. 10647.—*Sometido:* Diciembre 7, 1944. *Resuelto:* Diciembre 18, 1944.

*Juan Nevares Santiago,* abogado del apelante; *R. A. Gómez, Fiscal del Tribunal Supremo,* abogado de El Pueblo, apelado.

El Juez Asociado Señor Snyder emitió la opinión del tribunal.

El acusado fué juzgado y convicto por un jurado en la corte de distrito por el delito de escalamiento en primer grado. Ha apelado de la sentencia imponiéndole un año de presidio con trabajos forzados.

El primer error señalado es que la corte inferior cometió error al admitir en evidencia una declaración jurada prestada ante un juez de paz por los fundamentos (*a*) de que el acusado no estuvo asistido por abogado en aquel instante; (*b*) que el acusado no renunció inteligentemente su derecho a estar representado allí por abogado; (*c*) que no se le advirtió que la declaración podía ser usada en su contra; (*d*) que la declaración no fué identificada por dicho juez de paz durante el juicio; y (*e*) que la declaración no fué hecha voluntariamente.

Ninguno de estos ataques contra la admisibilidad de la declaración jurada justifica minuciosa consideración. En cuanto a los fundamentos (*a*) y (*b*), en esta jurisdicción no existe requisito constitucional de que el acusado deba estar representado por abogado con anterioridad a la lectura de la acusación. (*Pueblo* v. *Travieso,* 60 D.P.R. 530). De la misma manera, en cuanto al fundamento (*c*), aun cuando podría ser la mejor práctica, la advertencia de que una declaración puede ser usada en contra del acusado no es una

condición precedente a su admisibilidad (*Pueblo* v. *Méndez,* 54 D.P.R. 195). También hay una similar carencia de mé-ritos en el fundamento (*d*) testigos que de hecho oyeron declarar al acusado y lo vieron firmar la declaración, testificaron a ese efecto. Bajo tales circunstancias, el no poner a declarar al juez de paz no trae por consecuencia la inadmisibilidad del documento.

En cuanto al fundamento (*e*), la contención está basada en el hecho de que al llegar el dueño de la tienda de que aquí se trata, encontró al acusado dentro de la cocina de la casa, que se conectaba con la tienda en donde penetró el acusado; y que el dueño entonces abofeteó al acusado, quien le suplicó que no le pegara, que él diría todo lo que sabía. Aparte del hecho de que estas circunstancias escasamente pueden tener el carácter de violencia extrema (*third degree*), como las describe el acusado en su alegato, el punto predominante en este caso es que la declaración que se ataca fué hecha por escrito ante el juez de paz al siguiente día. Ni en el juicio ni ahora se hace la alegación de que la declaración antes referida no se hiciera voluntariamente. La corte inferior por tanto no erró al admitirla. Véase *Lyons* v. *Oklahoma,* 322 U. S. 596, 602.

El segundo error apuntado es que el acusado no estuvo representado por abogado al leérsele la acusación. El récord demuestra que "el acusado hizo alegacion de inocente por instrucciones de su abogado O. R. Brizzie quien lo representó en este acto, y solicitó juicio por jurado." Los alegatos de las partes clarifican este lenguaje ambiguo por medio de sus manifestaciones al efecto de que el abogado de récord de hecho no estuvo presente el día de la lectura de la acusación. La práctica ejercitada en este caso no es una que merezca encomio. Para que un acusado esté representado efectivamente en la lectura de la acusación, generalmente es necesario que esté representado personalmente por su abogado. Pero no podemos ver de qué manera se perjudicó al

acusado en este caso específico. De conformidad con las instrucciones de su abogado, hizo alegación de inocente y solicitó juicio por jurado. Durante el juicio estuvo representado por abogado, donde se declaró inocente nuevamente y fué convicto por el jurado. El revocar una convicción criminal bajo tales circunstancias sería darle a vanos formalismos una importancia que no merecen.

El acusado se queja en su tercer señalamiento de error de que la corte de distrito no dió instrucciones al jurado, de escalamiento en segundo grado, que es el escalamiento cometido durante el día. El Pueblo practicó la única prueba del caso; y toda ella tendió a demostrar que el delito se cometió después de haber oscurecido. Por tanto, no hubo error al negarse la corte a dar instrucciones al jurado sobre un delito respecto del cual no se había presentado prueba. *Pueblo* v. *Calderón,* 50 D.P.R. 336; *Pueblo* v. *Saltari,* 53 D.P.R. 893.

El cuarto error señalado fué que la corte de distrito no instruyó específicamente al jurado al efecto de que podían traer un veredicto de escalamiento en primer grado o de inocencia. En primer lugar, no se llamó la atención de la corte hacia este punto al momento en que se trasmitían las instrucciones. Y, de cualquier modo, la instrucción en conjunto claramente daba la idea de que el jurado debía absolver de no estar convencido por la prueba de la culpabilidad del acusado. Por ejemplo, en una etapa de sus instrucciones, la corte de distrito le dijo al jurado que "la culpabilidad del acusado debe probarse fuera de toda duda razonable. Y cuando existe esa duda, debe absolvérsele." Hemos leído las instrucciones en su totalidad, y no encontramos en ella error perjudicial alguno.

El quinto señalamiento de error se queja del siguiente incidente: el juez de distrito había comenzado a resumir la evidencia, cuando fué interrumpido por el abogado del acusado para inquirir si el juez de distrito iba a hacer

tal resumen. Entonces el fiscal dijo que éste "es un caso, a mi ver, que El Pueblo lo considera probado hasta la saciedad, yo creo que deben darse las instrucciones analizando la prueba . . . ". Hubiera sido mejor si el fiscal hubiera hecho este comentario al argumentar el caso. Pero después de todo, esto sólo fué una repetición de la creencia del fiscal de que el acusado .era culpable—creencia que de cualquier modo podía el jurado inferir razonablemente en un caso corriente del mero hecho de que el fiscal había traído el caso a juicio. Por tanto escasamente podemos resolver que este comentario casual y único perjudicó suficientemente al acusado para justificar la revocación de la sentencia impuéstale. *Cf. Pueblo* v. *Marchand,* 53 D.P.R. 671.

*La sentencia de la corte de distrito será confirmada.*