EL PUEBLO DE PUERTO RICO, demandante y apelado, *v.* CÁSTULO RODRÍGUEZ PADRÓ, acusado y apelante.

Núm. 10918.—*Sometido:* Diciembre 7, 1945. *Resuelto:* Enero 14, 1946.

*Francisco García Quiñones,* abogado del apelante; *Hon. Procurador General E. Campos Del Toro, Luis Negrón Fernández, Procurador General Auxiliar* y *J. Rivera Barreras,* abogados de El Pueblo, apelado.

EL JUEZ PRESIDENTE SEÑOR TRAVIESO emitió la opinión del tribunal.

El apelante fué procesado por los delitos de atentado a la vida, portación ilegal de un revólver e infracción a la ley sobre venta y registro de armas de fuego. Fué convicto de ataque para cometer homicidio, declarado culpable de los otros dos delitos y condenado a sufrir la pena de un año de presidio por el primer delito y las de un mes de cárcel por cada uno de los otros dos. No estuvo conforme y apeló.

En los dos primeros señalamientos se alega que la corte sentenciadora erró al permitir que el Policía Insular Francisco Guzmán declarase sobre ciertas manifestaciones que a preguntas suyas le hiciera el acusado, después de haber sido arrestado, sin que el testigo le hiciera previamente las advertencias de ley.

De la transcripción de la evidencia aparece que el Policía Guzmán declaró que en la noche de autos él se encontraba vestido de paisano cerca del Colmado Los Muchachos; que sintió unos disparos y corrió hacia el lugar del suceso, encontrando allí gente reunida y una mujer herida de bala;

que fué a arrestar al acusado Cástulo Rodríguez, lo encontró en su casa y le dijo que lo acompañara al cuartel; que en el camino hacia el cuartel, el acusado le dijo "que esa señora lo estaba persiguiendo mucho a él, que lo perseguía y que él se iba a tener que embarcar"; que dijo además "que se había visto obligado a hacer lo que hizo", y no dijo nada más.

Las manifestaciones hechas por el acusado no fueron ofrecidas por el fiscal como una confesión y sí como una admisión hecha voluntariamente por el acusado al policía. El fiscal no estaba obligado como una condición precedente, a probar la voluntariedad de dicha admisión. *Pueblo* v. *Dones,* 56 D.P.R. 211; *Pueblo* v. *Montes,* 64 D.P.R. 321; *Pueblo* v. *Lebrón,* 61 D.P.R. 657. Tampoco era necesario para su admisibilidad que el policía hiciera al acusado advertencia legal alguna. *Pueblo* v. *Kent,* 10 D.R.R. 343; *Pueblo* v. *Morales (a) Yare Yare,* 14 D.P.R. 234; *Pueblo* v. *Flores,* 17 D.P.R. 178; *Pueblo* v. *Alméstico,* 18 D.P.R. 320; *Pueblo* v. *Martínez,* 23 D.P.R. 228; *Pueblo* v. *Rodríguez,* 28 D.P.R. 501; *Pueblo* v. *Valle,* 29 D.P.R. 555. Que el acusado no tenía derecho a estar asistido de abogado en el momento en que hizo las citadas manifestaciones al policía, es cuestión resuelta por este Tribunal en *Pueblo* v. *Travieso,* 60 D.P.R. 530 y *Pueblo* v. *Montes,* 64 D.P.R. 321.

En el tercer señalamiento se queja el apelante de que la Corte inferior permitiese al Fiscal interrogar al acusado sobre supuestos requerimientos de amor por parte del acusado a la hija de Sixta Peña Rosario.

Del récord aparece, que después de haber declarado ampliamente el acusado sobre sus relaciones amorosas durante dos años con Sixta Peña, el Fiscal repreguntó al acusado en cuanto a si era o no cierto que él había tratado de enamorar a la hijita de Sixta Peña y que esa había sido la causa del disgusto habido entre el acusado y su amante. Después de haber sido hechas y contestadas las preguntas, se opuso la

defensa, limitándose a decir: "Inmaterial, Sr. Juez". La Corte desestimó la objeción y la defensa anotó su excepción.

La objeción, además de ser tardía y de no haberse expuesto los fundamentos de la misma, fué correctamente desestimada. El fiscal tenía el derecho de repreguntar al acusado, no solamente con el propósito de poner a prueba su credibilidad y la exactitud de su declaración, si que también con el fin de establecer el motivo que tuvo para cometer el delito imputádole. *Pueblo* v. *Román,* 18 D.P.R. 219; *Pueblo* v. *Muñoz,* 29 D.P.R. 529; *Sosa* v. *Cardona,* 30 D.P.R. 274; *Pueblo* v. *Torres,* 33 D.P.R. 185.

Los dos señalamientos restantes carecen de méritos. El hecho de que el Juez hiciera una serie de preguntas al acusado no es por sí solo suficiente para inferir que actuó movido por pasión, prejuicio o parcialidad contra el acusado. Las preguntas hechas por el Juez en este caso tendían a aclarar ciertos hechos a los cuales se había referido el acusado en el examen directo; y esas preguntas en nada podían perjudicar al acusado.

La prueba presentada por el fiscal y creída por el jurado es más que suficiente para justificar el veredicto. También lo era para sostener un veredicto de atentado a la vida.

*Las sentencias recurridas, las cuales son por demás benignas, deben ser confirmadas.*

El Juez Asociado Sr. Córdova no intervino.